IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRADLEY W. CROSBY,** *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 2:04-CV-00974 |
| : | |
| **PICKAWAY COUNTY GENERAL,** : | **JUDGE ALGENON L. MARBLEY** |
| **HEALTH DISTRICT,** *et al.*, : | Magistrate Judge Kemp |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Relief from Judgment. Plaintiffs move this Court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to reconsider its May 12, 2006 Order in which it granted summary judgment to Defendant Pickaway County General Health District ("Defendant Health District").[1] For the reasons set forth herein, Plaintiffs' Motion for Relief from Judgment is **DENIED**.

**II. BACKGROUND**[2]

**A. Facts**

Plaintiffs Bradley Crosby, Rose Crosby, Monty Cummings, Cathy Cummings, and

---

[1]The Court's May 12, 2006 Order also granted summary judgment in favor of Defendants Pickaway County, Robert Huffer, John Stevenson, and Ula Jean Metzler. Plaintiffs' Motion for Relief from Judgment does not address that ruling.

[2]The background information set forth below is, in large part, adopted from the Court's opinion dated May 12, 2006.

-1-

Jeremiah Rayburn (collectively, "Plaintiffs"), own two adjoining plots of real property in Pickaway County.  Plaintiffs purchased the land with the intent of building a single-family house on each respective lot and selling the houses for profit.

In March 2003, Four Star Development Company, which owned Lot 4 and Lot 5 immediately prior to Plaintiffs and is not a party to this litigation, filed a "Sewage System Applicant/Permit" application with Defendant Health District, requesting approval to install a sewage system on the lots.  Defendant Health District evaluated this application, and it listed its additional requirements for the proposed sewage systems, including the sizes of the septic tanks and leach beds for the respective lots.  Plaintiffs allege that, in reliance upon Defendant Health District's evaluation, they began building single-family houses on the purchased property.

After Plaintiffs completed construction of the houses, but prior to installing the septic tanks and leach beds, Defendant Health District mailed Plaintiffs a letter suspending its approval of the sewage system permits.  In the letter dated March 19, 2004, Defendant Health District took the position that the installation of a sewage system on Lots 4 and 5, without the implementation of a functional drainage plan to drain ponded surface water, would constitute a nuisance and, as such, it would not approve installation of a sewage system.

In response to Defendant Health District's letter, Plaintiffs submitted a suggested drainage plan, but Defendant Health District, after reviewing that plan, determined that it was not adequate to alleviate their concerns.  Plaintiffs never submitted another proposed drainage plan after this initial rejection.

On September 28, 2004, Plaintiff Monty Cummings appeared at a meeting before Defendant Health District, seeking permission to install a septic system on Lot 4.  After Plaintiff

Cummings' appearance at the meeting, Defendant Health District issued a formal resolution, denying his request to install the septic system and occupy the home on Lot 4.  To date, the single-family houses on Lots 4 and 5 remain vacant and Defendant Health District has not approved the permits for installation of septic tanks and leach beds on those respective properties.

### B. Procedural History

On October 7, 2004, Plaintiffs filed a complaint (the "Complaint") against the following Defendants: Defendant Health District, Pickaway County, Robert Huffer, John Stevenson, and Ula Jean Metzler  (Defendants Huffer, Stevenson, and Metzler are referred to collectively as "Defendant Commissioners") (Defendants Pickaway County and Commissioners are referred to collectively as "Defendant County").   The Complaint sought monetary damages for the interest Plaintiffs paid on construction loans, lost profits on the failure to resell their houses, lost profits in not being able to construct and sell other houses until the resolution of this matter, utility and maintenance expenses on the houses, real property taxes, and reasonable attorney's fees.

Plaintiffs first alleged in their Complaint that Defendants deprived them of their property rights without affording them substantive and procedural due process of law, in violation of the Fourteenth Amendment to the United States Constitution.  Plaintiffs' also claimed that Defendants deprived them of their property without just compensation, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

On November 14, 2005, Defendant County filed a motion for summary judgment on the claims Plaintiffs asserted against them, and on November 29, 2005, Defendant Health District filed a motion for summary judgment on all of Plaintiffs' claims against it.

On May 12, 2006, this Court granted both Defendants' Motions for Summary Judgment. In response to the Court's ruling regarding Defendant Health District, Plaintiffs filed a Motion for Relief from Judgment on May 22, 2006, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant Health District filed a timely reply memorandum. Accordingly, this matter is ripe for decision.

### III.  STANDARD OF REVIEW

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for the following six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

To justify relief, Plaintiffs must demonstrate either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Holman v. Hakell,* 9 F.3d 107 (6th Cir. 1993) (citing *Cale v. Johnson,* 861 F.2d 943, 947 (6th Cir. 1988)). In determining whether clear error exists, the Court must consider whether "it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001), quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

## IV. ANALYSIS

Plaintiffs assert that the Court should modify its holding that their takings claim is unripe. In support of their Motion for Relief from Judgment, Plaintiffs offer two arguments.

First, Plaintiffs claim that the Court misapplied *Highland Park Ass'n of Bus. &Entm't. v. Abramson* because, although the Sixth Circuit held that consequential damages are not available in a takings claim, it failed to define "consequential damages." *Highland Park Ass'n of Bus. & Entm't v. Abramson,* 208 F.3d 213 (6th Cir. 2000). Plaintiffs contend that because the Sixth Circuit does not define "consequential damages," it is uncertain that the consequential damages that are precluded from recovery in a takings claim are the same type of damages Plaintiffs claim in this case.

Plaintiffs are not entitled to relief from judgment based on this argument. The Court, after applying *Highland Park* to the facts of this case, determined that the damages demanded by Plaintiffs constitute the same consequential damages that are not recoverable in a takings claim. Upon review, this Court finds that it did not make a mistake, commit clear error, or cause manifest injustice in interpreting *Highland Park's* definition of "consequential damages*."* As a result, this Court concludes that Plaintiffs' energies can be better served by offering their rearguments regarding the interpretation of *Highland Park* and its definition of "consequential damages*"* on appeal, as opposed to attempting to re-litigate an issue the Court has already considered. Accordingly, this Court rejects Plaintiffs' first argument supporting their Motion for Relief from Judgment.

Secondly, Plaintiffs argue that consequential damages are recoverable in a takings case. Plaintiffs assert that *First English Evg'l Lutheran Church of Glendale v. County of Los Angeles*

holds that consequential damages are recoverable for the time period before the court determines whether a taking occurred. *First English Evg'l Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304 (1987). Moreover, Plaintiffs contend that *Monterey* also supports a finding that Plaintiffs can recover consequential damages based on their takings claim because the Court in *Monterey* upheld a jury verdict exceeding the fair market value of the property. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999). Essentially, Plaintiffs asserts that because Plaintiff in *Monterey* sold the property to the state through eminent domain for only $800 more than the original purchase, and the Court upheld a verdict that greatly exceeded that amount, the Court must have contemplated consequential damages in the difference between the amount received from the state and the amount awarded in the verdict. This Court declines to adopt Plaintiffs' interpretation of the dictum in *Monterey*. No where in *Monterey*, does the Supreme Court state that consequential damages are recoverable in a takings claim. Therefore, this Court shall continue to follow the law of this Circuit, based on *Highland Park*, and hold that consequential damages are not recoverable in the type of taking's claim asserted by Plaintiffs in this case.

In their Motion for Relief from Judgment, Plaintiffs fail to prove any mistake, clear error, or manifest injustice resulting from this Court's interpretation of the law of consequential damages as it pertains to a takings claim. Since they have not met their burden under Rule 60(b), Plaintiffs' Motion for Relief from Judgment is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment is **DENIED**.

 **IT IS SO ORDERED.**


                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: December 20, 2006**